William G. Pope, USB No. 15960
PERKINS, MITCHELL, POPE & McALLISTER LLP
Capitol Park Plaza
300 North 6th Street, Suite 200
P. O. Box 519
Boise, Idaho 83701
Telephone: (208) 345-8600
Facsimile: (208) 345-8660
Email: service@perkinsmitchell.com

Attorneys for Plaintiff

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES SERVICES AUTOMOBILE ASSOCIATION, <br><br> Plaintiff, <br><br> vs. <br><br> TALLY HO FARM, LLC, a Utah limited-liability company; and B.H., a minor individual, <br><br> Defendants. | COMPLAINT FOR DECLARATORY RELIEF <br><br> Case No. 2:21-cv-00665-BSJ |

COMES NOW United Services Automobile Association, by and through its counsel of record, the law firm of Perkins, Mitchell, Pope, & McAllister, LLP, pursuant to Rule 57 of the Federal Rules of Civil Procedure and Declaratory Judgment Act, 28 U.S.C. Section 2201, files this Complaint for Declaratory Relief and complains and alleges against Defendants Tally Ho Farm, LLC, and B.H, a minor, as follows:

COMPLAINT FOR DECLARATORY RELIEF - 1

**I.**
**PARTIES, JURISDICTION, VENUE AND TIER**

1.      United Services Automobile Association ("USAA") is and at all relevant times is a Texas corporation with its principal place of business in the State of Texas and duly authorized to transact business in the State of Utah.

2.      Defendant, Tally Ho Farm, LLC. ("Defendant Tally Ho"), at all relevant times was a limited-liability company with its principal place of business in Summit County Utah.

3.      Defendant, B.H. ("Defendant B.H."), at all relevant times was a minor and a resident of Utah.

4.      Jurisdiction is proper pursuant to 28 U.S.C. Section 1332, as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.

5.      This Court also has jurisdiction of this claim and is authorized to grant Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. Section 2201, implemented through Rule 57 of the Federal Rules of Civil Procedure, and pursuant Utah Code Ann. § 78B-3-304, in that the USAA policy was entered into in the State of Utah.

**II.**
**STATEMENT OF FACTS**

**A.      The Policy**

6.      USAA issued a Homeowner's Policy for the property located at 3998 Hidden Cove Rd., Park City, Utah, 84098, to David T. Kim under Policy Number 004190906-023 ("the Policy") for the Policy Period of May 10, 2020, to May 10, 2021.  A true and accurate copy of the Policy is attached hereto as Exhibit "A."

7.     David T. Kim is married to Rebecca Kim and Defendant B.H. is the stepdaughter of David T. Kim.

8.     The Policy issued by USAA provided insurance coverage for David T. Kim and his family under certain terms, conditions, definitions, exclusions, and limits. The Policy contains the following language:

**DEFINITIONS**

. . .

**4. "Business"** means any full or part – time activity arising out of or related to any trade, profession or occupation of any **"insured"**. [AMENDED]

. . .

**9. "Insured"** means:

. . .

c. Residents of your household who are:

(1) Your relatives; or

(2) Other persons under the age of 21 and in the care of any person named above.

Under Section II, **"insured"** also means:

d. With respect to animals, **"watercraft"** or **"personal watercraft"** to which this policy applies, any person or organization legally responsible for these animals, **"watercraft"** or **"personal watercraft"** which are owned by you or any person included in 9.a, 9.b or 9.c. above. A person or organization using or having custody of these animals, **"watercraft"** or **"personal watercraft"** in the course of any **"business"** or without consent of the owner is not an **"insured"**.

. . .

**10. "Insured location"** means:

COMPLAINT FOR DECLARATORY RELIEF - 3

    g. Any part of a premises occasionally rented to any "insured" for other than "business" use.

. . .

**13.** **"Named peril(s)"** means one or more of the perils listed under LOSSES WE COVER – PERSONAL PROPERTY PROTECTION.

**14.** **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

    a. **"Bodily Injury"**; or

    b. **"Property damage"**.

. . .

*Policy.* Pp. 1-2, Exhibit "A".

### SECTION II – LIABILITY COVERAGES

### COVERAGE E - Personal Liability

If a claim is made or a suit is brought against any **"insured"** for **"damages"** because of **"bodily injury"** or **"property damage"** caused by an **"occurrence"** to which this coverage applies, we will:

1. Pay up to our limit of liability for the **"damages"** for which the **"insured"** is legally liable; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit to settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for **"damages"** resulting from the **"occurrence"** equals our limit of liability. This coverage does not provide defense to any **"Insured"** for criminal prosecution or proceedings. We will not pay for punitive "damages or exemplary damages, fines pr penalties.

COMPLAINT FOR DECLARATORY RELIEF - 4

. . .

### COVERAGE F – Medical Payments to Others

We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing **"bodily injury"**. Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage does not apply to you or regular residents of your household except **"residence employees"**. As to others, this coverage applies only:

. . .

b. Is caused by the activities of any **"insured"**;

. . .

d. Is caused by an animal owned by or in the care of any **"insured"**.

### SECTION II – EXCLUSIONS

1. **Coverage E – Personal Liability and Coverage F – Medical Payments to Others** do not apply to **"bodily injury"** or **"property damage"**:

. . .

b. (1) Arising out of or in connection with a **"business"** engaged in by any **"insured"**. This exclusion applies but is not limited to any act or omission, regardless of its nature or circumstances, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the "business". [AMENDED]

. . .

c. Arising out of the rendering or failure to render **"professional services"**;

d. Arising out of a premises;
(1) Owned by an **"insured"**, or

(2) Rented to any **"insured"**; or

(3) Rented to others by any **"insured";**

that is not an insured **"location"**;

. . .

*Policy.* Pp. 25-26, Exhibit "A".

**2. Coverage E – Personal Liability does not apply to:**

a.  Liability:

(1) For any loss assessment charged against you as a member of any association, corporation or community of property owners other than as provided in SECTION II – ADDITIONAL COVERAGES, Loss Assessment.

(2) Under any contract or agreement. However, this exclusion does not apply to written contracts:

(a) That directly relate to the ownership, maintenance or use of any **"insured location"**; or

(b) Where the liability of others is assumed by any **"insured"** prior to an **"occurrence"**;

unless excluded in 1 above of elsewhere in the policy.

*Policy.* P. 28, Exhibit "A".

**ENDORSEMENT**

**DEFINITIONS:**

Item **4. "Business"** is deleted and replaced by the following:

4.  **"Business"** means any full or part – time activity arising out of or related to any trade, profession or occupation of any **"insured"**. **"Business"** does not

include **"home exchange"** or **"home-sharing host activities"**.

. . .

*Policy.* P. 1 of 3, Endorsement - Exhibit "A".

### SECTION II – EXCLUSIONS

Under **Coverage E – Personal Liability and Coverage F – Medical Payments to Others** item **1.b.** is deleted and replaced by the following:

1.b (1) Arising out of or in connection with a **"business"** conducted from an **"insured location"** or engaged in by any **"insured"**, whether or not the **"business"** is owned or operated by an **"insured"** or employs an **"insured"**. This exclusion applies but is not limited to any act or omission, regardless of its nature or circumstances, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the **"business"**.

(2) Arising out of the rental or holding for rental of any part of any premises by any **"insured"**, except for:

(a) **"Home-sharing host activities"**;
(b) **"Home exchange"**; or
(c) An **"insured location"**, used in part, as an office, studio or private garage.

. . .

*Policy.* P. 2 of 3, Endorsement - Exhibit "A".

### B.    The Boarding Agreement

9.      On July 29, 2020, Rebecca Kim (Mrs. Kim), signed a boarding agreement with Defendant Tally Ho to board Mrs. Kim's horse. A copy of the boarding agreement is attached hereto as Exhibit "B".

10.    The boarding agreement set forth the parties' duties and expectations for boarding Mrs. Kim's horse. The relevant portions of the agreement are as follows.

**8. HOLD HARMLESS**
**[Mrs. Kim] shall defend, indemnify, and hold harmless [Tally Ho], all Owners and their heirs and assigns, as well as employees, volunteers, and independent contractors, from any and all actual or alleged claims, demands, causes of action, liability, loss, damage, and/or injury (to property or persons, including, without limitation, wrongful death whether human or horse) whether brought by an individual or other entity, or imposed by a court of law, or by administrative action of any federal, state, or local governmental body or agency, rising out of or incident to any acts, omissions, negligence, or willful misconduct of [Tally Ho], its personnel, employees, agents, contractors, or volunteers in connection with or rising out of [Tally Ho]'s actions.**
**This indemnification applies to and includes, without limitation, the payment of all penalties, fines, judgments, awards, decrees, attorney's fees, and related costs or expenses, and any reimbursements to [Tally Ho] for all legal expenses and costs incurred by it.**

**9. LIABILITY INSURANCE**
**[Mrs. Kim] warrants that he/she presently carries in full force and effect, and throughout the period of this AGREEMENT shall continue to carry and maintain in full force and effect, lability insurance protecting [Mrs. Kim] and [Tally Ho] from any and all claims arising out of or relating to this AGREEMENT.**

Boarding Agreement, p. 2 of 3, ¶¶  8 and 9. Exhibit "B".

**C.    The Underlying Lawsuit**

11.    On March 16, 2021, Debra Martin filed a civil complaint against Defendant Tally Ho, Kelsey Larsen, and Defendant B.H., alleging she suffered injuries

due to the actions and inactions of the parties. A copy of the Complaint in the Underlying

lawsuit is attached hereto as Exhibit "C".

12.     USAA has provided a defense to Defendants in the Underlying

Lawsuit under a full reservation of rights.

13.     This action concerns whether or not USAA has a duty to indemnify,

defend, or hold harmless Defendant Tally Ho against the claims in the Underlying Lawsuit.

14.     The Complaint in the Underlying Lawsuit States in relevant part:

### ***General Allegations***

. . .

> 10. This matter arises out of an incident that occurred on August 3, 2020 at Defendant Tally Ho's horse facility, which is located at 8857 Cotton Wood Trail, Park, City Utah 84098.
>
> 11. On that day, Plaintiff was ground working her hourse in the outdoor arena at Defendant Tally Ho's horse facility.
>
> 12. When Plaintiff finished ground working her horse, she entered the indoor arena where Defendant B.H. was lunging a horse.
>
> 13. Defendant B.H. was a young, inexperienced person who should not have been lunging a horse.
>
> 14. Defendant Larsen was supposed to be supervising Defendant B.H. while Defendant B.H. was lunging the horse.
>
> 15. The owner of Defendant Tally Ho, Diane Wieser, was aware that Defendant B.H. was lunging the horse in the indoor arena.
>
> 16. There was a round outdoor pen, which is where horses were supposed to be lunged.
>
> 17. However, Defendants did not use the outdoor pen and instead chose to allow Defendant B.H. to lunge the indoor arena.
>
> 18. While Defendant B.H. was lunging the horse in the indoor arena, the girth of the saddle was not properly tightened/secured and became loose, causing the saddle to slip underneath the horse's belly.
>
> 19. The saddle caused the horse to run across the indoor

*arena toward Plaintiff.*

*20. The horse hit Plaintiff causing her to be thrown in the air and knocked unconscious (the "Incident").*

*21. As a direct and proximate result of the Incident, Plaintiff sustained serious injuries, including a traumatic brain injury, right shoulder injury, left chest and arm contusions, hip contusions, and a right retina injury.*

*22. As a direct and proximate result of the Incident, Plaintiff past and future economic losses, including medical expenses, lost earnings, lost earning capacity, loss of household services, and such other economic losses as the evidence may show at trial.*

*23. As a direct and proximate result of the Incident, Plaintiff sustained past and future noneconomic losses, including pain and suffering, emotional distress, mental anguish, loss of the enjoyment of life, and such other noneconomic losses as the evidence may show at trial.*

*Complaint at pp. 2-3, Exhibit "C."*

15.    The Policy contains a "business pursuits" exclusion which provides that USAA will not pay for or defend any claim or suit which results from "bodily injury" or "property damage" arising out of or in connection with a business pursued by an insured.

16.    The Policy contains an exclusion which provides that USAA will not pay for or defend any claim or suit which results from "bodily injury" or "property damage" arising out of a premises owned by or rented to an insured or rented to others by an insured that is not an insured location.

17.    Defendant Tally Ho has tendered defense and indemnity of the claim to Rebecca Kim on the basis that it is entitled to such defense and indemnity pursuant to the terms of the boarding agreement.

### III.
### CLAIM FOR DECLARATORY JUDGMENT

18.     Paragraphs 1 – 18 are incorporated by reference as if set forth in full.

19.     Defendant Tally Ho has demanded that USAA defend it against Debra Martin's claims and pay any judgment that may be rendered within policy limits.  USAA has issued David T. Kim and Defendant Tally Ho a disclaimer of coverage.

20.     Any and all defense and indemnity obligations inuring to the benefit of David T. Kim are subject to the terms, conditions, limits, and exclusions set forth in USAA's Policy, including, without limitation, an exclusion for claims arising out of the insured's business pursuits.

21.     The USAA Policy does not provide insurance coverage for the Accident involving Debra Martin that occurred at Defendant Tally Ho's property which involve the business of Defendant Tally Ho.

22.     USAA has no duty to indemnify and no obligation to make payment on behalf of Defendant Tally Ho for claims arising out of Debra Martin's Accident.

23.     USAA has no duty to defend Defendant Tally Ho against any allegations made by Debra Martin arising out of the Accident.

24.     An actual, real and substantial controversy exists involving USAA and Defendant Tally Ho with respect to their conflicting claims and legal relations.

25.     There is no coverage for the Underlying Lawsuit for Defendant Tally Ho due to the business exclusion under the Policy.

26.     There is no coverage for the Underlying Lawsuit for Defendant Tally

COMPLAINT FOR DECLARATORY RELIEF - 11

Ho due to the facts of the Underlying Lawsuit occurring in an area that is not an "insured location" under the Policy.

27.     Pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Declaratory Act, 28 U.S.C. Section 2201, USAA requests a declaration from this court that:

a.     There is no coverage for the Underlying Lawsuit due to business exclusions under the Policy.

b.     There is no coverage for the Underlying Lawsuit due to the injury occurring in an area that is not an insured location under the Policy.

c.     As coverage is precluded, USAA has no duty to defend or indemnify Defendant Tally Ho for the Underlying Lawsuit.

d.     As coverage is precluded, Defendant Tally Ho has no right of recovery against USAA for the Underlying Lawsuit.

## IV.
## RESERVATION

USAA expressly reserves all rights to rely upon terms, conditions, definitions, and exclusions in the USAA Policy not identified above in seeking its declaratory relief herein.

## V.
## PRAYER FOR RELIEF

WHEREFORE, USAA requests the following relief:

1.     A declaration by reason of the terms and conditions of the Policy and of the facts herein alleged that coverage is not afforded by the Policy issued and delivered

COMPLAINT FOR DECLARATORY RELIEF - 12

by USAA to Defendant Tally Ho.

2.      That the Court declare that USAA does not have a duty to defend Defendant Tally Ho against claims by Debra Martin.

3.      That USAA should not have a duty to indemnify Defendant Tally Ho or to pay any judgment in an action brought against Defendant Tally Ho by Debra Martin.

4.      That USAA receive an award of costs as is equitable and just.

5.      Such other and further relief as this Court deems just and equitable.

## VI.
## JURY DEMAND

USAA demands a trial by not fewer than six jurors as to all issues.

DATED this  10th  day of November, 2021.

PERKINS, MITCHELL, POPE & MCALLISTER LLP


By: /s/William G. Pope _____
      William G. Pope, of the Firm
      Attorneys for Plaintiff

COMPLAINT FOR DECLARATORY RELIEF - 13