Jennifer H. Mastrorocco [11206]
**GOEBEL ANDERSON PC**
405 South Main Street, Suite 200
Salt Lake City, UT  84111
Telephone:  801.441.9393
Fax:  801.951.0545
E-Mail:    jmastrorocco@gapclaw.com
*Attorneys for Plaintiff*

---

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, <br><br> Plaintiff, <br><br> vs. <br><br> TALLY HO FARM, LLC, a Utah limited liability company; REBECCA KIM, an individual; and B.H., a minor individual, <br><br> Defendants. | **SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF** <br><br><br> Case No. 2:21-cv-00665-BSJ <br><br> Judge Bruce S. Jenkins |
| TALLY HO FARM, LLC, a Utah limited liability company, <br><br> Cross-Claimant, <br><br> vs. <br><br> B.H., a minor individual, <br><br> Cross-Claim Defendant. | |
| TALLY HO FARM, LLC, a Utah limited liability company <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> DAVID KIM, an individual; and REBECCA KIM, an individual. <br><br> Third-Party Defendants. | |

United Services Automobile Association ("USAA"), by and through its counsel of record, the law firm of Goebel Anderson, pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Declaratory Judgment Act, 28 U.S.C. § 2201, files this Second Amended Complaint for Declaratory Relief and complains and alleges against Defendants Tally Ho Farm, LLC, Rebecca Kim, and B.H, a minor, as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      United Services Automobile Association ("USAA") is and at all relevant times was a Texas corporation with its principal place of business in the State of Texas and duly authorized to transact business in the State of Utah.

2.      Defendant, Tally Ho Farm, LLC ("Defendant Tally Ho"), at all relevant times was a limited-liability company with its principal place of business in Summit County Utah.

3.      Defendant, Rebecca Kim ("Defendant Rebecca Kim"), at all relevant times was a resident of Utah.

4.      Defendant, B.H. ("Defendant B.H."), at all relevant times was a minor and a resident of Utah.

5.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332, as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.

6.      This Court also has jurisdiction of this claim and is authorized to grant Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, implemented through Rule 57 of the Federal Rules of Civil Procedure, and pursuant to Utah Code Ann. § 78B-3-304, in that the USAA policy was entered into in the State of Utah.

## STATEMENT OF FACTS

A.    **The Homeowner's Policy**

7.    USAA issued a Homeowner's Policy for the property located at 3998 Hidden Cove Rd., Park City, Utah, 84098, to David T. Kim under Policy Number 004190906-023 for the Policy Period of May 10, 2020, to May 10, 2021 ("the Homeowner's Policy").  A true and accurate copy of the Homeowner's Policy is attached hereto as **Exhibit "A."**

8.    David T. Kim is married to Defendant Rebecca Kim and Defendant B.H. is the stepdaughter of David T. Kim.

9.    The Homeowner's Policy issued by USAA provided insurance coverage for David T. Kim and his family (collectively "the Kims") under certain terms, conditions, definitions, exclusions, and limits. The Homeowner's Policy contains the following language:

> **DEFINITIONS**
>
> . . .
>
> 3.    "**Bodily injury**" means physical injury, sickness or disease, including required care, loss of services and death that results.
>
> 4.    "**Business**" means any full or part – time activity arising out of or related to any trade, profession or occupation of any "**insured**". [AMENDED]
>
> . . .
>
> 6.    "**Damages**" means compensatory damages the "**insured**" is legally obligated to pay as a result of "**bodily injury**" or "**property damage**" covered by this inusrance, but does not include punitive, exemplary or multiple damages.
>
> . . .

9. **"Insured"** means:

   . . .

    c. Residents of your household who are:

      (1) Your relatives; or

      (2) Other persons under the age of 21 and in the care of any person named above.

   Under Section II, **"insured"** also means:

    d. With respect to animals, **"watercraft"** or **"personal watercraft"** to which this policy applies, any person or organization legally responsible for these animals, **"watercraft"** or **"personal watercraft"** which are owned by you or any person included in 9.a, 9.b or 9.c. above. A person or organization using or having custody of these animals, **"watercraft"** or **"personal watercraft"** in the course of any **"business"** or without consent of the owner is not an **"insured"**.

   . . .

10. **"Insured location"** means:

   . . .

    g. Any part of a premises occasionally rented to any "**insured**" for other than "**business**" use.

11. "**Member**" means the owner of the policy who is the person who meets all eligibility requirements for membership and whose membership number is shown in the Declarations of this policy.

. . .

13. **"Named peril(s)"** means one or more of the perils listed under LOSSES WE COVER – PERSONAL PROPERTY PROTECTION.

14. **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

    a.  **"Bodily Injury"**; or

    b.  **"Property damage"**.

. . .

17. "**Professional services**" means any type of service to the public that requires members rendering a service to obtain an advanced degree and/or obtain a license or other legal authorization to provide the service . . . .

18. **"Property damages"** means physical damage to, or destruction of tangible property, including loss of use of this property.

Homeowner's Policy, pp. 1–2, **Exhibit "A**."

**SECTION II – LIABILITY COVERAGES**

**COVERAGE E - Personal Liability**

If a claim is made or a suit is brought against any **"insured"** for **"damages"** because of **"bodily injury"** or **"property damage"** caused by an **"occurrence"** to which this coverage applies, we will:

1. Pay up to our limit of liability for the **"damages"** for which the **"insured"** is legally liable; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit to settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for **"damages"** resulting from the **"occurrence"** equals our limit of liability. This coverage does not provide defense to any **"insured"** for criminal prosecution or proceedings. We will not pay for punitive "damages or exemplary damages, fines or penalties.

    We will not pay for punitive damages or exemplary damages, fines or penalties.

**COVERAGE F – Medical Payments to Others**

We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing **"bodily injury"**. Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage does not apply to you or regular residents of your household except **"residence employees"**. As to others, this coverage applies only:

> . . .

> 2. To a person off the "**insured location**" if the "**bodily injury**"

>> b.  Is caused by the activities of any "**insured**";

>> . . .

>> d.  Is caused by an animal owned by or in the care of any **"insured"**.

**SECTION II – EXCLUSIONS**

**1.    Coverage E – Personal Liability and Coverage F – Medical Payments to Others** do not apply to **"bodily injury"** or **"property damage"**:

> . . .

>> b.    (1) Arising out of or in connection with a **"business"** engaged in by any **"insured"**. This exclusion applies but is not limited to any act or omission, regardless of its nature or circumstances, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the **"business"**. [AMENDED]

>> (2) Arising out of the rental or holding for rental of any part of any premises by any "**insured**". This exclusion does not apply to the rental or holding for rental of any "**insured location**"

>>> (a) On an occasional basis if used only as a residence;

(b) In part for use only as a residence, unless a single family unit is intended for use by the occupying family to lodge more than two roomers or boarders; or

(c) In part, as an office, school, studio or private garage.

c. Arising out of the rendering or failure to render "**professional services**";

d. Arising out of a premises;

(1) Owned by an **"insured"**, or

(2) rented to any **"insured"**; or

(3) rented to others by any "**insured**"; that is not an insured **"location"**;

Homeowner's Policy, pp. 25–26, **Exhibit "A."**

**2.      Coverage E – Personal Liability does not apply to:**

a.   Liability:

(1) For any loss assessment charged against you as a member of any association, corporation or community of property owners other than as provided in SECTION II – ADDITIONAL COVERAGES, Loss Assessment.

(2) Under any contract or agreement. However, this exclusion does not apply to written contracts:

(a) That directly relate to the ownership, maintenance or use of any **"insured location"**; or

(b) Where the liability of others is assumed by any **"insured"** prior to an **"occurrence"**;

unless excluded in (1) above or elsewhere in the policy.

Homeowner's Policy, p.28, **Exhibit "A."**

**ENDORSEMENT**

**DEFINITIONS:**

Item **4. "Business"** is deleted and replaced by the following:

> 4. **"Business"** means any full or part-time activity arising out of or related to any trade, profession or occupation of any **"insured"**. **"Business"** does not include **"home exchange"** or **"home-sharing host activities"**.

Homeowner's Policy, p.1 of 3, Endorsement - **Exhibit "A."**

**SECTION II – EXCLUSIONS**

Under **Coverage E – Personal Liability and Coverage F – Medical Payments to Others** item **1.b.** is deleted and replaced by the following:

> 1.b (1) Arising out of or in connection with a **"business"** conducted from an **"insured location"** or engaged in by any **"insured"**, whether or not the **"business"** is owned or operated by an **"insured"** or employs an **"insured"**. This exclusion applies but is not limited to any act or omission, regardless of its nature or circumstances, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the **"business"**.
>
> (2) Arising out of the rental or holding for rental of any part of any premises by any **"insured"**, except for:
>
>> (a) "**Home-sharing host activities**";
>>
>> (b) **"Home exchange";** or
>>
>> (c) **An "insured location",** used in part, as an office, studio or private garage.

Homeowner's Policy, p. 2 of 3, Endorsement - **Exhibit "A."**

**B.    The Umbrella Policy**

10.    USAA issued an Umbrella Policy to David T. Kim under Policy Number 004190906-71U for the Policy Period of May 25, 2019, to August 25, 2020 ("the Umbrella Policy"). A true and accurate copy of the Umbrella Policy is attached hereto as **Exhibit "B."**

11.    The Umbrella Policy issued by USAA provided insurance coverage for the Kims under certain terms, conditions, definitions, exclusions, and limits. The Umbrella Policy contains the following language:

> **DEFINITIONS**
>
> A. "**You**" and "**your**" refer to the "named insured" shown on the Declarations and spouse if a resident of the same household.
>
> . . .
>
> D. "**Bodily injury**"
>
>   1. "**Bodily injury**" means bodily harm, sickness, disease or death.
>
>   2. "**Bodily injury**" does not include mental injury such as emotional distress, mental anguish, humiliation, mental distress, or any similar injury unless it arises out of physical injury to some person.
>
> E. "**Business**" means any full or part-time activity arising out of or related to any trade, profession or occupation of any "**insured**".
>
> F. "**Business property**" means any property on which a **business** is conducted.
>
> . . .
>
> H. "**Family member**" means a person related to **you** by blood, marriage, or adoption who is a resident of **your** household. This includes a ward or foster child who is a resident of **your** household.
>
> . . .

**K. "Insured."**

    1.  "**Insured**" means:

        a.  **You** and any **family member**;

        b.  Other residents of **your** household under the age of 21 and in the care of **you** or any **family member**;

        c.  Any person or organization legally responsible for animals . . . :

            (1)  To which this policy applies; and

            (2)  Which are owned by any person in K.1.a. or K.1.b. above.

        . . .

    2.  However, "**insured**" does not include:

        . . .

        e.  Any person or organization using or having custody of animals . . . to which this policy applies, in the course of any **business** or without the consent of any **insured**.

. . .

**N. "Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in "**bodily injury**" or "**property damage**".

. . .

**P.** "**Professional services**" means any type of service to the public that requires the person rendering the service to obtain:

    1.  An advanced degree; or

    2.  A license; or

    3.  Other legal authorization to provide the service.

**R.** "**Property damage**"

    1.  "**Property damage**" means physical damage to or destruction of tangible property including loss of use of this property.

       . . .

**S.** "**Retained limit**" means the required minimum limit of liability for the applicable personal lines insurance coverage shown in the Schedule of Underlying Insurance on the Declarations. Where **underlying insurance** is payable for any one **occurrence** to which this policy also applies, the amount of the **retained limit** will be either:

    1.  The split Bodily Injury/Property Damage limit shown in the Schedule, if **underlying insurance** has split limits; or

    2.  The Combined Single Limit shown in the Schedule, if **underlying insurance** has a combined single limit.

Where **underlying insurance** is not payable for any one **occurrence** to which this policy applies, the amount of the **retained limit** will be the split Bodily Injury/Property Damage limit shown in the Schedule.

**T.** "**Underlying insurance**" means the types of personal lines insurance coverages for which limits are shown in the Schedule of Underlying Insurance on the Declarations.

Umbrella Policy, pp. 2–4, **Exhibit "B."**

**LIABILITY COVERAGES**

**INSURING AGREEMENT**

A.  <u>Damages</u>.

    1.  **We** will pay for damages, in excess of the **retained** limit, that an insured becomes legally obligated to pay because of **bodily injury** or **property damage** resulting from an **occurrence**.

    2.  **We** will pay for damages that **an insured** because legally obligated to pay because of **personal injury**.

11

**B.**   <u>Defense</u>.

1.   If a claim is made or a suit is brought against any **insured** for **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, or for **personal injury** to which this policies applies, **we** will provide a defense at **our** expense by counsel of **our** choice, even if the suit is groundless, false or fraudulent.

However, **we** will not provide a defense:

   . . .

   b.   If the **occurrence** or offense is covered by **underlying insurance** or any other liability insurance available to any **insured**.

2.   **We** may investigate and settle any claim or suit that **we** decide is appropriate. **Our** duty to defend ends when the amount **we** pay to settle any claim, or in full or partial satisfaction of any judgment for damages resulting from the **occurrence** or offense, equals the Umbrella Liability Limit shown on the Declarations.

Umbrella Policy, pp. 4–5, **Exhibit "B."**

**EXCLUSIONS**

. . .

G.   This insurance does not apply to **bodily injury, property damage** or **personal injury**:

   . . .

4.   Arising out of the rental or holding for rental of any part of any premises, including any real property or real estate, by an **insured**.

This exclusion (G.4) does not apply to the extent that liability coverage is provided by **underlying insurance** and is not excluded elsewhere in this policy.

5.   Arising out of any **business** or **business property** of any **insured**.

This exclusion (G.5) does not apply to the extent that liability coverage is provided by **underlying insurance** and is not excluded elsewhere in this policy.

6. Arising out of the rendering of or failure to render **professional services**.

. . .

10. Arising out of any contract or agreement.

This exclusion (G.10) does not apply to the extent that liability coverage is provided by **underlying insurance** and is not excluded elsewhere in this policy.

Umbrella Policy, pp. 6–7, **Exhibit "B."**

**C.     The Boarding Agreement**

12.     On July 29, 2020, Defendant Rebecca Kim, signed a boarding agreement with Defendant Tally Ho to board Defendant Rebecca Kim's horse. A copy of the boarding agreement is attached hereto as **Exhibit "C"**.

13.     The boarding agreement set forth the parties' duties and expectations for boarding Defendant Rebecca Kim's horse. The relevant portions of the agreement are as follows.

**8.     HOLD HARMLESS**

**[Defendant Rebecca Kim] shall defend, indemnify, and hold harmless [Tally Ho], all Owners and their heirs and assigns, as well as employees, volunteers, and independent contractors, from any and all actual or alleged claims, demands, causes of action, liability, loss, damage, and/or injury (to property or persons, including, without limitation, wrongful death whether human or horse) whether brought by an individual or other entity, or imposed by a court of law, or by administrative action of any federal, state, or local governmental body or agency, rising out of or incident to any acts, omissions, negligence, or willful misconduct of [Tally Ho], its personnel, employees, agents, contractors, or volunteers in connection with or rising out of [Tally Ho]'s actions.**

**This indemnification applies to and includes, without limitation, the payment of all penalties, fines, judgments, awards, decrees, attorney's**

13

**fees, and related costs or expenses, and any reimbursements to [Tally Ho] for all legal expenses and costs incurred by it.**

**9.    LIABILITY INSURANCE**

**[Defendant Rebecca Kim] warrants that he/she presently carries in full force and effect, and throughout the period of this AGREEMENT shall continue to carry and maintain in full force and effect, lability insurance protecting [Defendant Rebecca Kim] and [Tally Ho] from any and all claims arising out of or relating to this AGREEMENT.**

Boarding Agreement, p. 2 of 3, ¶¶ 8 and 9. **Exhibit "C".**

**D.    The Underlying Lawsuit**

14.    On March 16, 2021, Debra Martin filed a civil complaint against Defendant Tally Ho, Kelsey Larsen, and Defendant B.H., alleging she suffered injuries due to the actions and inactions of the parties. A copy of the Complaint in the Underlying lawsuit is attached hereto as **Exhibit "D".**

15.    USAA has provided a defense to Defendants in the Underlying Lawsuit under a full reservation of rights.

16.    This action concerns whether USAA has a duty to indemnify, defend, or hold harmless Defendants Tally Ho against the claims in the Underlying Lawsuit and whether USAA has a duty to indemnify and defend the Kims for claims for defense and/or indemnification Tally Ho may have against her under the Boarding Agreement.

17.    The Complaint in the Underlying Lawsuit states in relevant part:

*__General Allegations__*

. . .

*10.    This matter arises out of an incident that occurred on August 3, 2020 at Defendant Tally Ho's horse facility, which is located at 8857 Cotton Wood Trail, Park, City Utah 84098.*

11.    *On that day, Plaintiff was ground working her horse in the outdoor arena at Defendant Tally Ho's horse facility.*

12.    *When Plaintiff finished ground working her horse, she entered the indoor arena where Defendant B.H. was lunging a horse.*

13.    *Defendant B.H. was a young, inexperienced person who should not have been lunging a horse.*

14.    *Defendant Larsen was supposed to be supervising Defendant B.H. while Defendant B.H. was lunging the horse.*

15.    *The owner of Defendant Tally Ho, Diane Wieser, was aware that Defendant B.H. was lunging the horse in the indoor arena.*

16.    *There was a round outdoor pen, which is where horses were supposed to be lunged.*

17.    *However, Defendants did not use the outdoor pen and instead chose to allow Defendant B.H. to lunge the indoor arena.*

18.    *While Defendant B.H. was lunging the horse in the indoor arena, the girth of the saddle was not properly tightened/secured and became loose, causing the saddle to slip underneath the horse's belly.*

19.    *The saddle caused the horse to run across the indoor arena toward Plaintiff.*

20.    *The horse hit Plaintiff causing her to be thrown in the air and knocked unconscious (the "Incident").*

21.    *As a direct and proximate result of the Incident, Plaintiff sustained serious injuries, including a traumatic brain injury, right shoulder injury, left chest and arm contusions, hip contusions, and a right retina injury.*

22.    *As a direct and proximate result of the Incident, Plaintiff past and future economic losses, including medical expenses, lost earnings, lost earning capacity, loss of household services, and such other economic losses as the evidence may show at trial.*

23.    *As a direct and proximate result of the Incident, Plaintiff sustained past and future noneconomic losses, including pain and suffering, emotional distress, mental anguish, loss of the enjoyment*

> *of life, and such other noneconomic losses as the evidence may show*
> *at trial.*

Complaint at pp. 2-3, **Exhibit "D."**

18.    The Homeowner's and Umbrella Policies contain a "business pursuits" exclusion which provides that USAA will not pay for or defend any claim or suit which results from "bodily injury" or "property damage" arising out of or in connection with a business pursued by an insured.

19.    The Homeowner's Policy contains an exclusion which provides that USAA will not pay for or defend any claim or suit which results from "bodily injury" or "property damage" arising out of a premises owned by or rented to an insured or rented to others by an insured that is not an insured location.

20.    The Homeowner's and Umbrella Policies each contain a similar exclusion which provides that USAA will not pay for or defend any claim or suit which results from "bodily injury" or "property damage" arising out of the rental of any part of any premises by any insured.

21.    The Homeowner's Policy contains an exclusion which provides that USAA will not pay for or defend any claim or suit which results from "bodily injury" or "property damage" arising out of any contract or agreement. This exclusion is subject to an exception "[w]here the liability of others is assumed by any '**insured**' prior to an '**occurrence**.'"

22.    The Umbrella Policy contains an exclusion which provides that USAA will not pay for or defend any claim or suit which results from "bodily injury, property damage or personal injury" arising out of any contract or agreement, except "to the extent liability coverage is provided by **underlying insurance** and not excluded elsewhere in this policy."

23.    Defendant Tally Ho has tendered defense and indemnity of the claims against it in the Underlying Lawsuit to Defendant Rebecca Kim on the basis that it is entitled to such defense and indemnity pursuant to the terms of the Boarding Agreement.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment against Tally Ho,**
**Rebecca Kim, and B.H.)**

24.     Paragraphs 1–21 are incorporated by reference as if set forth in full.

25.     Defendant Tally Ho has demanded that USAA defend it against Debra Martin's claims and pay any judgment that may be rendered within policy limits. USAA has issued David T. Kim and Defendant Tally Ho a disclaimer of coverage.

26.     Defendants Rebecca Kim and B.H. have demanded that USAA indemnify them for liability they may incur to Tally Ho under the Boarding Agreement and arising from the Underlying Lawsuit.

27.     Any and all defense and indemnity obligations inuring to the benefit of David T. Kim are subject to the terms, conditions, limits, and exclusions set forth in USAA's policies, including, without limitation, limits on duties based on Tally Ho's lack of status as an insured under either policy, Tally Ho's defense and indemnification claims not arising from bodily injury or property damage, and exclusions under the Homeowner's and Umbrella Policies for claims arising out of business pursuits of an insured, arising out of the rental of premises by or to an insured that are not an insured location, and/or arising out of any contract or agreement.

28.     USAA does not owe duties of indemnification or defense to an individual or organization who is not an "insured" under the Homeowner's or Umbrella Policies.

29.     The Homeowner's and Umbrella Policies do not provide insurance coverage for the Accident involving Debra Martin that occurred on Tally Ho's property which was being rented by and/or to the Kims.

30.     The Umbrella Policy does not provide insurance coverage to Tally Ho under the Boarding Agreement for the Accident involving Debra Martin that occurred on Tally Ho's property because the Boarding Agreement is a contract.

31.     The Homeowner's and Umbrella Policies do not provide coverage to the Kims for Tally Ho's claims for defense and indemnification under the Boarding Agreement because those claims are not claims against an insured for bodily injury or property damage.

32.     Assuming for the sake of argument that Tally Ho were an insured, USAA's Homeowner's and Umbrella Policies do not provide insurance coverage for the Accident involving Debra Martin that occurred at Defendant Tally Ho's property which involves the business of Defendant Tally Ho.

33.     Assuming for the sake of argument that Tally Ho were an insured, the Homeowner's Policy does not provide insurance coverage for the Accident involving Debra Martin that occurred on Tally Ho's property, which was not an insured location under that Policy.

34.     USAA has no duty to indemnify and no obligation to make payment on behalf of Defendant Tally Ho for claims arising out of Debra Martin's Accident.

35.     USAA has no duty to defend Defendant Tally Ho against any allegations made by Debra Martin arising out of the Accident.

36.     USAA has no duty to indemnify and no obligation to make payment to Tally Ho on behalf of the Kims for liabilities Tally Ho may incur in the Underlying Lawsuit.

37.     USAA has no duty to defend the Kims against any allegations made by Tally Ho regarding their duties to defend and/or indemnify Tally Ho in the Underlying Lawsuit.

38.     An actual, real, and substantial controversy exists involving USAA and Defendant Tally Ho and the Kims with respect to their conflicting claims and legal relations.

39.     There is no coverage for the Underlying Lawsuit for Defendant Tally Ho because Tally Ho is not an insured under either the Homeowner's Policy or the Umbrella Policy.

40.     There is no coverage for the Underlying Lawsuit for Defendant Tally Ho due to the rental exclusions under the Homeowner's and Umbrella Policies.

41.     There is no coverage for the Underlying Lawsuit for Defendant Tally Ho due to the contract exclusions under the Umbrella Policy.

42.     There is no coverage for the Underlying Lawsuit for Defendant Tally Ho due to the business exclusion under either the Homeowner's Policy or the Umbrella Policy.

43.     There is no coverage for the Underlying Lawsuit for Defendant Tally Ho due to the facts of the Underlying Lawsuit occurring in an area that is not an "insured location" under the Homeowner's Policy.

44.     There is no coverage for the Kims for Tally Ho's claims against them for defense and indemnification in the Underlying Lawsuit because those claims are not for damages because of bodily injury or property damage.

45.     Pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Declaratory Act, 28 U.S.C. § 2201, USAA requests a declaration from this court that:

    a.  There is no coverage for the Underlying Lawsuit for Tally Ho because Tally Ho is not an insured under either the Homeowner's Policy or the Umbrella Policy.

    b.  There is no coverage for the Underlying Lawsuit for Tally Ho due to the rental exclusions under the Homeowner's and Umbrella Policies.

    c.  There is no coverage for the Underlying Lawsuit for Tally Ho due to the contract exclusions under the Umbrella Policy.

d.  There is no coverage for the Underlying Lawsuit due to business exclusion under either the Homeowner's or Umbrella Policies.

e.  There is no coverage for the Underlying Lawsuit due to the injury  occurring in an area that is not an insured location under the Homeowner's Policy.

f.  There is no coverage for the Kims for Tally Ho's claims for defense and indemnification under the Boarding Agreement because those claims are not for damages because of bodily injury or property damage.

g.  As coverage is precluded, USAA has no duty to defend or indemnify Defendant Tally Ho for the Underlying Lawsuit.

h.  As coverage is precluded, Defendant Tally Ho has no right of recovery against USAA for the Underlying Lawsuit.

i.  As coverage is precluded, USAA has no duty to defend or indemnify the Kims for Tally Ho's claims of defense and indemnification under the Boarding Agreement.

j.  As coverage is precluded, the Kims have no right of recovery against USAA for Tally Ho's claims for defense and indemnification under the Boarding Agreement.

## RESERVATION

USAA expressly reserves all rights to rely upon terms, conditions, definitions, and exclusions in the USAA Policy not identified above in seeking its declaratory relief herein.

**PRAYER FOR RELIEF**

WHEREFORE, USAA requests the following relief:

1.       A declaration by reason of the terms and conditions of the Homeowner's Policy and the Umbrella Policy and of the facts herein alleged that coverage is not afforded to Tally Ho by the policies issued and delivered by USAA to David T. Kim.

2.       That the Court declare that USAA does not have a duty to defend Defendant Tally Ho against claims by Debra Martin.

3.       That USAA should not have a duty to indemnify Defendant Tally Ho or to pay any judgment in an action brought against Tally Ho by Debra Martin.

4.       That coverage is not afforded to the Kims for Tally Ho's claims for defense and indemnification under the Boarding Agreement.

5.       That the Court declare that USAA does not have a duty to defend the Kims against claims by Tally Ho for defense and indemnification in the Underlying Lawsuit.

6.       That the Court declare that USAA does not have a duty to indemnify the Kims for or pay any judgment awarded against Tally Ho in the Underlying Lawsuit.

7.       That USAA receive an award of costs as is equitable and just.

8.       Such other and further relief as this Court deems just and equitable.

**JURY DEMAND**

USAA demands a trial by not fewer than six jurors as to all issues.

DATED this 10th day of February, 2023.

GOEBEL ANDERSON PC

_/s/ Jennifer H. Mastrorocco_____
Jennifer H. Mastrorocco
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of February, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Bruce C. Burt
BURT & PAYNE, P.C.
P.O. Box 720
Riverton, UT  84065
bburt@burtpayne.com
*Attorneys for Tally Ho Farms, LLC*

Ryan J. Schriever
A. Andrew Penrod
SCHRIEVER LAW FIRM
174 South Main Street
Spanish Fork, Utah  84660
ryan@schrieverlaw.com
andrew@schrieverlaw.com
*Attorneys for Defendant B.H.*
 *& Third-Party Defendant Rebecca Kim*


                            /s/ Jennifer H. Mastrorocco