IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>TALLY HO FARM, et al.,<br><br>Defendants. | **ORDER DISMISSING ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>Case No. 2:21-cv-00665<br><br>Judge Dustin B. Pead |

This case is before the Court for a *sua sponte* review of the Court's subject-matter jurisdiction.[1] Plaintiff United Services Automobile Association's ("USAA") original Complaint asserted the Court enjoys subject-matter jurisdiction in this action because it involves the requisite diversity of citizenship and amount in controversy provided in 28 U.S.C. § 1332.[2] As noted by the Court in its December 20, 2023 Order to Show Cause,[3] the record lacks adequate allegations or evidence of the parties' complete diversity. Having reviewed the parties' subsequent disclosures concerning their citizenship at the time this suit was filed, the Court will dismiss this action without prejudice, for lack of subject matter jurisdiction.

---

[1] *See* ECF No. 82. Judge Bruce S. Jenkins presided over this case until it was reassigned on November 20, 2023.

[2] ECF No. 2 at 2. While the Complaint also asserts jurisdiction pursuant to 28 U.S.C. § 2201, that provision does not create jurisdiction the court does not otherwise enjoy. *Barr v. United States*, 478 F.2d 1152, 1156 (10th Cir. 1973).

[3] ECF. No. 84.

The Court will dismiss this action because the parties have not alleged facts sufficient to establish complete diversity of the parties and their subsequent disclosures indicate such diversity does not exist.  Under 28 U.S.C. § 1332(a)(1) a federal district court enjoys subject-matter jurisdiction over certain cases between citizens of different states, but that jurisdiction "exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be 'complete diversity between all plaintiffs and all defendants.'"  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).  "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state."  *Id.*  Domicile is acquired when the person resides in a given state and intends to remain there indefinitely.  *Id.*  "[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence."  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).  As detailed in the Court's Order to Show Cause, the allegations in the parties' pleadings did not set forth sufficient allegations to show the parties were diverse when this action was filed.  The parties' subsequent disclosures suggest that the parties are not completely diverse.

Defendant Tally Ho LLC's ("Tally Ho") disclosure indicates members of that LLC were citizens of Utah, at the time this action was filed, and subsequently became citizens of Texas.[4]

---

[4] ECF No. 89.  This disclosure presented its own challenges because an individual's subjective intent to obtain a new domicile is not determinative.  Instead, courts in the Tenth Circuit must consider objective manifestations of intent, such as:

> the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity.

*Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014).

Defendants B.H. and Rebecca Kim filed a disclosure indicating only that each of them are residents of Utah,[5] despite the Court's instruction to describe the citizenship of Ms. Kim and B.H.'s mother and father.  USAA then filed its disclosure,[6] combined with its notice,[7] which together indicate that USAA is an unincorporated entity and "has members in every state, including Utah."  Despite B.H., Ms. Kim, and USAA failing to use the operative language of domicile or citizenship, all indications suggest the parties are not diverse and that further discovery or pleading will not be helpful.  Consequently, based on the record before it, the Court finds it lacks subject-matter jurisdiction.  Accordingly, this matter must be dismissed.

Based on the foregoing, IT IS ORDERED this action is DISMISSED without prejudice for lack of subject matter jurisdiction.

DATED this 16th day of January 2024.

BY THE COURT:

_____
Dustin B. Pead
United States Magistrate Judge

---

[5] ECF No. 91.
[6] ECF No. 92.
[7] ECF No. 93.